SHARP, Judge.
We reverse because we think Caponey, the appellant, fully established his right at trial to specific performance of his contract with Andrews, appellee, for the purchase of real property located in Sumter County, Florida. There is no basis in the record to sustain the trial judge’s conclusions that the terms of the contract are vague, ambiguous, or uncertain, or that the contract lacks “mutuality.” Further, there is no basis in the record to give any substance to the trial judge’s finding that Caponey had “unclean hands” or that he acted in an inequitable manner towards Andrews as regards this transaction or this contract.[1]
Accordingly, the final judgment denying specific performance to Caponey is reversed, and the cause is remanded with directions to the trial court to grant specific performance, and to set a short and certain date for the closing of the contract pursuant to its terms.
REVERSED AND REMANDED.
COBB, C.J., and COWART, J., concur.

. See Engle v. Acopian, 432 So.2d 113 (Fla. 5th DCA 1983); Henry v. Ecker, 415 So.2d 137 (Fla. 5th DCA 1982), review denied, 429 So.2d 5 (Fla. 1983).